**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**TOMMIE L. HOPKINS,**

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**                                                            **No. 10-384-DRH**


**ORDER**

**HERNDON, Chief Judge:**

Before the Court is movant Tommie L. Hopkins' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Doc. 1). Hopkins seeks to vacate, set aside, or correct his sentence based upon two grounds: 1) his conviction was obtained by a guilty plea that was unlawfully induced; and 2) he was denied effective assistance of trial counsel. For the reasons that follow, the motion is denied.

**I. Background**

Hopkins was charged by indictment with two counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). On August 12, 2009, Hopkins entered an open guilty plea to both counts of the indictment in front of Magistrate Judge Clifford J. Proud. Although there was no plea agreement, the parties did agree to a stipulation of facts. At the change of plea hearing, Judge Proud informed Hopkins of the rights he was giving up by pleading guilty and the possibly penalties he faced. Further, Judge Proud confirmed with Hopkins that he was pleading guilty on his own

free will and conducted a thorough examination of Hopkins.  Finding a factual basis for the plea, Judge Proud accepted Hopkins's guilty plea.  That same day, Judge Proud issued a report and recommendation finding that Hopkins's guilty pleas were knowing and voluntary as to each count, and recommending that the guilty pleas be accepted by the Court.  No objections were filed to the report and recommendation, and it was adopted by the Court on September 1, 2009.

On October 16, 2009, Hopkins's pre-sentence report ("PSR") was filed with the Court.  In the PSR, probation applied a two-level enhancement for the defendant's possession of a weapon during the commission of the offense based on a statement by a confidential informant used to make the two controlled buys that the defendant had a pistol in his lap during the second controlled buy.  On October 26, 2009, defendant filed an objection to the PSR, disputing the two-level enhancement for possession of a firearm during the commission of the charged offense.   The government filed a response, arguing that the gun enhancement should remain since the evidence at sentencing would support the informant's statement that defendant had a gun in his lap during the second controlled buy.  On November 20, 2009, probation filed a sealed addendum to the PSR, supporting its decision to include the two-level enhancement for the firearm.

On November 20, 2009, defendant's sentencing hearing was held.  After hearing testimony and the arguments from the parties, the Court denied defendant's objection to the PSR.  After confirming that defendant had no further objections, the Court adopted the findings of the PSR and sentenced defendant to 70 months'

imprisonment, four years' supervised release, a $200 assessment, and a $700 fine. The Court entered judgment on November 23, 2009.

On November 24, 2009, defendant's lawyer, Charles Stegmeyer, filed a timely notice of appeal on defendant's behalf.  On December 2, 2009, however, defendant filed a pro se notice of appeal.  As a result, defendant was given two case numbers in the Seventh Circuit.  Accordingly, on December 7, 2009, the Seventh Circuit ordered Hopkins to file a memorandum stating why the appeal assigned the second case number should not be dismissed as duplicative of the appeal assigned the first case number.  In response, Hopkins filed a "motion to show cause," in which he alleged that attorney Stegmeyer wanted an additional $5,000 to represent him on appeal, and that he refused to pay Stegmeyer because (1) he did not feel comfortable having Stegmeyer represent him on appeal because Stegmeyer "inveigled him" into pleading guilty, (2) Stegmeyer never challenged the sufficiency of the government's evidence, (3) Stegmeyer made no objections to the PSR nor did he argue to the Court that defendant should be sentenced pursuant to *Kimbrough v. United States*, 522 U.S. 128 (2007) or *United States v. Spears*, 533 F.3d 715 (2008), (4) Stegmeyer did not object to findings by the Court involving defendant's brother's case which had nothing to do with his case, and (5) defendant did not have $5,000 to pay Stegmeyer. The Seventh Circuit ordered Stegmeyer to respond to defendant's allegations, and Stegmeyer responded, disputing defendant's assertions, but informing the Seventh Circuit that due to the allegations he would no longer be able to represent defendant. Defendant filed a reply to Stegmeyer's response, indicating that he had an audiotape

of Stegmeyer allegedly telling defendant to plead guilty because he was black with dreads and was going to lose at trial, and of Stegemeyer requesting additional funds to represent him on appeal.  Defendant also agreed to a voluntary dismissal of his second appeal, requested that Stegmeyer be removed as his appellate counsel, and asked that a legal malpractice suit be filed against Stegmeyer.

On January 15, 2010, the Seventh Circuit dismissed the second appeal as unnecessary.  On January 22, 2010, attorney Stegmeyer filed a motion to withdraw as Hopkins's counsel due to the allegations made in Hopkins's motion to show cause.  On February 11, 2010, the Seventh Circuit granted Stegmeyer's motion to withdraw and appointed defendant new counsel.  On May 7, 2010, defendant's new counsel filed a motion for extension of time to file defendant's brief.  In the affidavit attached to the motion, defendant's counsel stated that he advised defendant to dismiss the appeal because there were no non-frivolous issues to raise, and that defendant had agreed to dismiss the appeal.   In requesting additional time, defendant's counsel noted that he was asking for a continuance to ensure that he received the consent-to-dismiss form in order to timely file a motion to dismiss the appeal.  The Seventh Circuit granted the motion, and on May 19, 2010, a motion to dismiss the appeal was filed, requesting that the appeal be dismissed with prejudice. Attached to the motion was defendant's acknowledgment of attorney's motion for dismissal and consent to the dismissal of the appeal signed by defendant.  The signed acknowledgment contained the following language, "I concur in my attorney's decision and hereby waive all rights to object or raise any points on appeal."  On May 20, 2010, the

Seventh Circuit granted the motion to dismiss and issued its mandate that same day.

Hopkins filed this § 2255 motion on May 24, 2010.  On July 14, 2010, the Court ordered the government to file a response.  On August 13, 2010, the government filed its response.  For the reasons stated below, Hopkins § 2255 motion is denied.

## II.  Legal Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255.  More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations."  *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996).

Of course, a § 2255 motion does not substitute for a direct appeal.  A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice.  *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt,* 83 F.3d at 816.  Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were unraised on direct appeal

regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro v. United States,* 538 U.S. 500, 504-05 (2003); *Fountain,* 211 F.3d at 433-34. Further, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro,* 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

An evidentiary hearing on a § 2255 habeas petition is required when the motion is accompanied by "a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir. 1976) (footnote omitted). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." *Aleman v. United States,* 878 F.2d 1009, 1012 (7th Cir. 1989). For the

reasons stated below, movant's allegations are unsupported by the record; subsequently, the Court sees no reason to hold an evidentiary hearing on the issues raised.

### III.  Analysis

Initially, the Court notes that Hopkins's § 2255 motion is not signed under penalty of perjury as required by Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings for the United States District Courts.   The motion is also not accompanied by an affidavit.

"Requiring either that the motion be signed under penalty of perjury or be accompanied by an affidavit is thus not a mere technicality of pleading; once a pleading is submitted in this form, the allegations contained therein become evidence and permit the district court to evaluate properly the movant's allegations and to determine whether a sufficient threshold showing has been made to warrant further proceedings." *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).  Because the Court finds that even if petitioner's motion was signed under penalty of perjury or contained an attached affidavit it would reach the same result, the Court declines to follow the "better practice" of instructing petitioner to amend his motion by submitting it under oath or by attaching an affidavit.  See *id.* at 1070-71.

### A.  Unlawfully Induced Guilty Plea

In Hopkins's first point, he contends that "[t]rial counsel apprised movant, that if he went to trial, (which Hopkins was adamant about doing), that he would surely lose, because he was a blackman [sic], with dred-locks [sic], from East St. Louis."

He asserts that he has an audio of his counsel telling his significant other this.

This claim is denied because a defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley,* 523 U.S. at 622; *Wainwright,* 433 U.S. at 87; *Fountain,* 211 F.3d at 433; *Prewitt,* 83 F.3d at 816. Hopkins mentioned this claim several times in motions before the Seventh Circuit but then voluntarily dismissed his appeal. If Hopkins wished to pursue this claim, he should have done so on direct appeal, but he specifically waived his right to appeal. Further, Hopkins does not even attempt to show good cause, actual prejudice, or that a fundamental miscarriage of justice would occur if he is not allowed to pursue his claim. Accordingly, this point is denied.

### B. *Ineffective Assistance of Counsel*

In his second point, Hopkins alleges that his "[c]ounsel failed to request a suppression hearing, to attack the insufficiency of the government's evidence; failed to motion the court at sentencing to consider sentencing him under the leading crack/powder cases, at the time of sentencing; and for inducing movant to plea[d] guilty; and for not making any objections to the PSR or unauthorized factors considered by the court at sentencing."

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel

encompasses the right to *effective* assistance of counsel.  *McMann v. Richardson,* 397 U.S. 759, 771 n. 14 (1970).  A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense**.**  *Strickland v. Washington,* 466 U.S. 668, 688-94 (1984); *Fountain,* 211 F.3d at 434.  Either *Strickland* prong may be analyzed first; if that prong is not met, it will prove fatal to plaintiff's claim.  *Strickland,* 466 U.S. at 697; *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993).

Regarding the first prong of the *Strickland* test, counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland,* 466 U.S. at 689.  The petitoner's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri,* 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted). In other words, the Court must not become a "Monday morning quarterback." *Harris v. Reed,* 894 F.2d 871, 877 (7th Cir. 1990). With regards to the second prong of *Strickland,* the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand,* 453 F.3d 428, 435 (7th Cir. 2006).  "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams,* 453 F.3d at 435 (citing *Strickland,* 466 U.S. at 694).

Here, defendant does not elaborate on any of his claims of ineffective assistance, and has failed to satisfy either *Strickland* prong.  Indeed, defendant's claims of ineffective assistance of counsel are all belied by defendant's own statement at his change of plea hearing that he was satisfied with his attorneys representation. Further, while Hopkins contends that his attorney was ineffective for failing to request a suppression hearing, Hopkins does not point out what should have been suppressed or how he was prejudiced by not having one.  As to Hopkins claim that his attorney was ineffective for failing to attack the sufficiency of the evidence, again Hopkins does not elaborate on his claim, and defendant entered into a stipulation of facts admitting to the elements of the two offenses.  With regard to Hopkins's claim that his attorney was ineffective for failing to motion the Court at sentencing regarding the leading crack/powder cocaine disparity cases, this claim is without merit.  The Court specifically considered the disparity in sentencing defendant and whether to vary below the guidelines and therefore defendant suffered no prejudice. Further, defendant's counsel was not deficient in not motioning the Court at defendant's sentencing as the Court considered the issue.  In his next ineffective assistance claim, Hopkins again raises the issue that his counsel induced him into pleading guilty.  As stated above, Hopkins raised this in his direct appeal and then voluntarily dismissed it.  Not only that, Hopkins specifically told the Court at his change of plea hearing that no one had threatened him or forced him in any way to plead guilty, and voluntary responses made by a defendant when entering a guilty plea are binding.  See *Untied States v. Knorr*, 942 F.2d 1217, 1120 (7th Cir. 1990).

Lastly, Hopkins asserts that his counsel was ineffective for failing to make any objections to the PSR or unauthorized factors considered by the Court at sentencing. Hopkins claim, however, is without merit.  In fact, Hopkins's attorney did object to the PSR, and at defendant's sentencing, Hopkins specifically stated that he did not have any further objections to the PSR.  Furthermore, defendant does not set forth what "unauthorized factors" the Court considered, and Hopkins clearly cannot establish that his trial counsel's performance fell below objective standards for reasonably effective representation and that this deficiency prejudiced the defense. Accordingly, Hopkins claims of ineffective assistance are also denied.

### J.  Certificate of Appealability (COA)

Pursuant to 28 U.S.C. § 2253(c)(1), a COA is required for appeal from a final order in a habeas corpus proceeding under 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2253(c).  A COA may issue only if the applicant has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the Court denies petitioner's claims on the merits and not merely for procedural reasons, the Supreme Court has found "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005) ("[R]easonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (quoting *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003) (internal citation omitted)).  Thus, a petitioner "seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part."  *Miller-El*, 537 U.S. at 338 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

Given the aforementioned reasoning, no reasonable jurist could debate whether the Court should have resolved the petition in a different manner. Accordingly, the Court declines to issue Hopkins a COA.

### IV.  Conclusion

For the reasons stated above, Hopkins's § 2255 motion is denied.  The Court will not issue a COA.  The case is closed.  The Clerk is to enter judgment accordingly.

**IT IS ORDERED.**

Signed this 2nd day of January, 2013.

Digitally signed by
David R. Herndon
Date: 2013.01.02
17:02:45 -06'00'

**Chief Judge**
**United States District Court**